IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

RICHARD J. SUTTON
d/b/a The Tool Guy

       Debtor.

_____/

Chapter 7
Case No. 10-13202
Jeffrey R. Hughes

JEFF A. MOYER, Chapter 7 Trustee,

       Plaintiff,

v.

LUKE J. MACCROSSEN,

       Defendant.

_____/

Adv. Proc: 11-

## COMPLAINT TO RECOVER ACCOUNT RECEIVABLES

Jeff A. Moyer ("Plaintiff"), Chapter 7 Trustee, by his attorneys, Dawda, Mann, Mulcahy & Sadler, PLC, files this Complaint To Recover Account Receivables and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O).

3. This is a proceeding under 11 U.S.C. § 542(b) for turnover to the Estate of Account Receivables due and owing by the Defendant.

4. Venue is proper in this District and before this Court since this adversary proceeding arises under and in connection with a bankruptcy case before this Court.

5. Venue is further appropriate because Defendant resides within the jurisdiction of this Court.

6. This adversary proceeding is being brought pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

## TURNOVER OF ACCOUNT RECEIVABLES

7. On or about August 30, 2010, Debtor Richard J. Sutton ("Debtor") delivered certain tools to Defendant as evidenced by the attached invoice. **Exhibit A**.

8. Defendant has failed to pay for the tools he received.

9. As of the filing of this Complaint, Defendant owes Debtor the sum of $2,651.92 as evidenced by the attached invoice. **Exhibit A**.

10. The Chapter 7 Trustee's counsel sent correspondence to the Defendant, requesting payment of the amounts due and owing. **Exhibit B**.

11. The Defendant has failed and/or refused to pay the Trustee the funds due and owing.

12. The Trustee is entitled to recover these funds as property of the Debtor's bankruptcy estate.

13. Defendant's non-payment of the invoice constitutes a violation of 11 U.S.C. § 542(b).

14. Debtor has suffered damages in the amount of $2,651.92 plus the cost of litigation, from Defendant's non-payment.

WHEREFORE, Jeff A. Moyer respectfully requests this Court enter judgment in his favor and against Defendant Luke J. Maccrossen in the amount of $2,651.92, including award of

costs and attorneys' fees for having to bring this action to recover the maximum amount of funds for the benefit of the Bankruptcy Estate.

## QUANTUM MERUIT

15. Plaintiff Jeff A. Moyer, Chapter 7 Trustee, incorporates paragraphs 1-5, *supra,* as if more fully set forth herein.

16. Defendant received tools from Debtor.

17. Debtor expected payment for the tools and Defendant was aware of this expectation.

18. Defendant has neither complained of the tools received nor returned them to Debtor.

19. It would be inequitable to allow Defendant to retain the benefit of the tools without making payment to Plaintiff.

20. As of May 11, 2011, Defendant had tools from the Debtor valuing $2,651.92 for which no payment has been received.

WHEREFORE, Jeff A. Moyer respectfully requests this Court enter judgment in his favor and against Defendant Luke J. Maccrossen in the amount of $2,651.92, including award of costs and attorneys' fees for having to bring this action to recover the maximum amount of funds for the benefit of the Bankruptcy Estate.

DAWDA, MANN, MULCAHY & SADLER, PLC

By: *Zachary J. Eskau*
Zachary J. Eskau (P68643)
Jessica B. Allmand (P59128)
Attorneys for Plaintiff
39533 Woodward Avenue, Suite 200
Bloomfield Hills, MI  48304
(248) 642-3700

Dated:  May 24, 2011